Gladys SANTANA, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. 98 CV 0430(NG).

United States District Court, E.D. New York.

March 30, 1999.

Daniel Delson Kuhn, Kuhn & O'Toole, RLLP, Staten Island, NY, for plaintiff.

Stanley N. Alpert, United States Attorney's Office, Brooklyn, NY, for defendant.

## *ORDER*

GERSHON, District Judge.

Plaintiff brings this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of Social Security denying her Disability Insurance and Supplemental Security Income benefits. The Administrative Law Judge ("ALJ") found that plaintiff suffers from a severe seizure disorder, hypertension and anxiety but that she has the capacity to perform her past relevant work as a clerk and typist. Plaintiff argues that the ALJ did not provide her with adequate notice of her right to counsel, that he failed to fully develop the administrative record, and that his findings are not supported by substantial evidence.

■ "The Commissioner of Social Security shall notify each claimant in writing, together with the notice to such claimant of an adverse determination, of the options for obtaining attorneys to represent individuals in presenting their cases before the Commissioner of Social Security. Such notification shall also advise the claimant of the availability to qualifying claimants of legal services organizations which provide legal services free of charge." 42 U.S.C. §§ 406(c), 1383(d)(2)(B). Thus, a "claimant is entitled to be represented by counsel at the hearing and the ALJ must ensure that the claimant is aware of this right." *Robinson v. Secretary of Health and Human Services*, 733 F.2d 255, 257 (2d Cir.1984); *Ruggiero v. Callahan*, 1998 WL 938737 (E.D.N.Y.1998); *Frank v. Chater*, 924 F.Supp. 416, 426 (E.D.N.Y.1996).

■ The ALJ in this case failed to ensure that plaintiff was aware of her right to counsel. Prior to the hearing, the ALJ sent plaintiff a "Notice of Hearing," which stated: "If you want to have a representative, please get one right away. You should show this notice to anyone you may

appoint. You or that person should also call this office to give us his or her name, address, and telephone number." Thus, plaintiff was notified of her right to a "representative," but she was not told that her "representative" could be a lawyer. At the commencement of the hearing, the ALJ asked plaintiff if she was appearing "unrepresented," but again failed to specify that her representative could be a lawyer.

In addition, later in the hearing, when plaintiff mentioned having given a medical report to her lawyer, the ALJ responded: "I'm not interested in your lawyer, ma'am. I'm interested—my question to you is very simple. Do you have an updated medical report on your health condition in the file?" In *Ruggiero,* 1998 WL 938737 at *3, notice that plaintiff could "represent [him-]self or be represented by a lawyer, friend, or any other person" was found to lack "sufficient information to facilitate [plaintiff's] knowing and intelligent waiver of representation." (citations and quotation omitted). Here, since the ALJ's notice to plaintiff was even less specific, it falls far short of the notice requirement under *Robinson* and the applicable statutes. The sufficiency of the notice in this case was further undermined when the ALJ rebuffed plaintiff for mentioning her lawyer.

The absence of adequate notice of plaintiff's right to counsel clearly had a prejudicial effect on the fairness of the hearing. "Whenever a claimant appears pro se, the ALJ has a heightened duty to 'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts....'" *Andersen v. Callahan,* 1998 WL 938736, *5 (E.D.N.Y.1998) (citations omitted). Here, when plaintiff stated that she had seizures, the ALJ asked how many times in the last year she had gone to the emergency room or to a doctor immediately following a seizure. However, he neglected to ask plaintiff any questions regarding the frequency, severity or duration of her seizures or what effect, if any, her seizures might have on her ability to perform her past work. Similarly, when plaintiff mentioned that she had headaches, the ALJ failed to inquire about the frequency, severity or duration of her headaches and asked only whether they prevented her from performing her past work. The ALJ's direction to plaintiff prior to the commencement of the hearing to respond to all of his questions with a "yes" or "no" answer unless he requested an explanation compounded the prejudice.

The heightened duty placed on an ALJ to develop the administrative record in cases where a claimant appears pro se mitigates the disadvantage of proceeding without a lawyer. The ALJ's failure to adequately notify plaintiff of her right to counsel in this case was exacerbated by his failure to fully develop the administrative record. The decision of the Commissioner is therefore vacated, and the case is remanded for further proceedings consistent with this Order.